# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CR-20-321-F |
| | ) |
| TONY GARCIA and JUANITA VIRIDIANA GARCIA RODRIGUEZ, | ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is the government's motion in limine to preclude the introduction, at trial, of the post-arrest statement of defendant Juanita Garcia Rodriguez. Doc. no. 70. Defendant Juanita Garcia has responded to the motion, doc. no. 79, as has defendant Tony Garcia, doc. no. 80.

After defendant Juanita Garcia was arrested, she signed a Miranda waiver and agreed to speak to officers. That interview was recorded. According to the government (and this characterization is not contested by the defendants), Ms. Garcia attempted, in the interview, "to deny any knowledge or responsibility for the drugs in the car and makes other self-serving denials." Doc. no. 70, at 3. The government has expressly disclaimed any intention of offering that statement into evidence for any purpose at trial. *Id.*

The government's basic argument is that "self-serving out of court statements by defendants are not admissible when offered by the defense." *Id.* at 4. In addition to relying on published decisions from other circuits, the government relies on the

Tenth Circuit's non-precedential decision in United States v. Larsen, 175 F.App'x. 236 (10th Cir. 2006).  The government is correct that the Larsen decision, non-precedential though it is, concludes (as discussed below) that exculpatory post-arrest statements, made by and offered by a defendant, are excluded under the hearsay rule.  Larsen, 175 F.App'x. at 241.  Decisions from other circuits, as cited by the government, are in accord.

Since the Larsen decision is non-precedential, it is appropriate to consider whether other district judges in this circuit have found that decision persuasive.  They have.  The Larsen decision was cited and followed by three district judges in the District of New Mexico:  Judge Browning in United States v. Woody, 336 F.R.D. 293 (D.N.M. 2020), Judge Johnson in United States v. Dodge, 2018 WL 3352965 (D.N.M. July 9, 2018), and Judge Armijo in United States v. Jim, 2008 WL 11363270 (D.N.M. March 17, 2008).

The fact that the New Mexico judges considered the Tenth Circuit's non-precedential decision in Larsen to be persuasive is unsurprising.  With respect to the issue presented by the motion now before the court, the situation in Larsen was fairly stark:  "On direct examination, Detective Powell testified as to Mr. Larsen's inculpatory statements but the trial court prohibited Mr. Larsen from eliciting on cross-examination the exculpatory statements."  Larsen, 175 F.App'x. 236, at *3.  The court noted that "Mr. Larsen does not point to any exception to the hearsay rule that would permit him to introduce into evidence his own out-of-court exculpatory statements; nor can we identify one." *Id.* at *4.  Consequently, the court concluded that Rule 801(d)(2) "does not permit self-serving, exculpatory statements made by a party and offered by that same party."  While it was at it, the court also noted that the rule of completeness, Rule 106, "does not apply because no written or recorded statement was admitted into evidence." *Id.*

2

The Tenth Circuit's decision in Larsen is persuasive, as are the decisions from the District of New Mexico. And two other aspects of the matter deserve mention here. First, exculpatory statements are not admissible simply because they are intermixed with inculpatory statements. United States v. Williamson, 512 U.S. 594 (1994). Second, the issue now before the court is presented on the premise that the defendant Juanita Garcia will not take the stand to testify. If she does take the stand, other considerations could come into play, such as, possibly, the need to rebut a charge of recent fabrication as contemplated by Rule 801(d)(1)(B) of the Federal Rules of Evidence, as was discussed by Judge Armijo in United States v. Jim. Neither the court nor the parties can, at this point, anticipate all of the possibilities which might arise in the event that Juanita Garcia chooses to testify in her own defense. Accordingly, this order, as an order on a motion in limine, does not determine whether, and to what extent or for what reason, Ms. Garcia's exculpatory post-arrest statements might be admissible if she takes the stand.

The court is unpersuaded by the defendants' arguments for admissibility. Without covering all of those arguments and variations thereof, the court will note that the defendant Juanita Garcia's argument that the statement is relevant, doc. no. 79, at 2, is beside the point. We are not dealing here with a question of relevance. Obviously, evidence which would, if believed, make it less likely that the jury would conclude that the defendant did what the indictment says she did is, in almost any situation, going to be relevant, at least in a broad sense. But we are dealing here with a question of admissibility, or not, under Rule 801, not Rule 401. Defendant Juanita Garcia also argues that her admission, during the recorded statement, to possessing a small amount of personal-use methamphetamine is an admission against interest and should be admissible. Presumably, Juanita Garcia would use that admission against interest as the vessel in which to also present to the jury her exculpatory statements. However, this is not a prosecution for possessing a small,

personal-use quantity of methamphetamine. The indictment makes that unmistakably clear. Ms. Garcia's admission to possessing a small personal-use quantity of methamphetamine does not affect the court's analysis. The contention that the statement should be admitted because, in the statement, Juanita Garcia "confessed to the only crime she committed," doc. no. 79, at 4, is squarely foreclosed by the Supreme Court's decision in Williamson.

For his part, the defendant Tony Garcia argues, first, that the jury should be permitted to evaluate Juanita Garcia's "demeanor and physical response in the video," as well as "questions she asks the interviewer," as well as "any nervousness she does or does not exhibit." Doc. no. 80, at 1, citing Rule 801(a). The court disagrees, because any such physical manifestations–whether or not they could be considered to have been "statements" within the meaning of Rule 801(a)–could only be evaluated in light of what was being said to trigger those physical manifestations. The court is of the opinion, at least as a general proposition, that inadmissible evidence is not made admissible simply because admission of that evidence would be necessary, or helpful, in order to put the finder of fact in a position to consider admissible evidence.

Mr. Garcia's second argument has a close resemblance to the first, although the second argument cites Rule 801(c). In this second argument, Mr. Garcia argues that Ms. Garcia's "demeanor and/or the questions she asked, in addition to the responsive statements she makes in the video, can be considered non-hearsay under Fed. R. Evid. 801(c) because they can be offered to show the effects of these events …." Doc. no. 80, at 2. This argument fails for the same reason the first one fails. Specifically, Ms. Garcia's demeanor could not possibly be meaningfully evaluated without presentation of what she said, including the exculpatory statements. (On this point, the court notes that Mr. Garcia argues that the evidence as to Ms. Garcia's non-verbal conduct "is incomplete if not presented in the context of the entire

interview." Doc. no. 80, at 5. Thus, it is clear that Mr. Garcia seeks, by way of his contentions with respect to the admissibility of Ms. Garcia's *non-verbal* conduct, to get her exculpatory statements before the jury.)[1]

Finally, Mr. Garcia argues that, in Larsen, the court "did not consider a co-defendant's use of [the exculpatory] statements." Doc. no. 80, at 5. Mr. Garcia also points out that, in its motion, the government does not directly address "the co-defendant's use of those statements." *Id.* But Mr. Garcia intimates no basis upon which Ms. Garcia's exculpatory statements might help him at trial, and Mr. Garcia has provided no information as to the actual substance of any exculpatory statement by Ms. Garcia which might arguably help him at trial.[2] The court is unpersuaded.

Accordingly, for the reasons set forth above, the government's motion to preclude the introduction of defendant Juanita Garcia's post-arrest statements (doc. no. 70) is **GRANTED**.

DATED this 21st day of January, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0321p017.docx

---

[1] Mr. Garcia makes a third argument, relating to a statement made by Ms. Garcia "about receiving an invitation from Tony Garcia 'on Tuesday,' preceding their arrest on Thursday …." Doc. no. 80, at 2. This argument is impossible to evaluate – and the court accordingly does not evaluate it – because the papers before the court shed no light on what that statement was all about, what it meant, or how it could be relevant from the perspective of either the government or the defendants.

[2] Mr. Garcia also suggests that these statements "could be introduced to impeach or rehabilitate Ms. Garcia …." Doc. no. 80, at 6. As indicated above, the admissibility of Ms. Garcia's exculpatory statements in the event that she chooses to take the stand will depend upon a number of variables which will be neither known nor knowable until such time, if any, as Ms. Garcia takes the stand at trial.